**Veton GJOLIKU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 06–0777–ag (L); 06–2132–ag (con) NAC.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Herman Dhade, Steve Garmo, Farmington Hills, MI, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Shane Cargo, David S. Jones, Assistant United States Attorney, New York, NY, for Respondent.

Present: THOMAS J. MESKILL, ROBERT D. SACK, ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Veton Gjoliku, though counsel, petitions for review of the BIA' denial of his motion to reopen and reconsider his removal proceedings as well as his motion for a stay of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232,

233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34; *Ke Zhen Zhao v. U.S.DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). We confine our review to the denial of the motion, and do not pass on the merits of Gjoliku's underlying claim for relief. *Id.* at 90.

█ The BIA did not abuse its discretion in denying Gjoliku's motion to reopen and reconsider the removal proceedings in his case. The regulations require an alien seeking to reopen removal proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered; a motion to reconsider must be filed not later than 30 days after the decision. 8 C.F.R. §§ 1003.2(b)(2), (c)(2). Here, there is no dispute that Gjoliku's November 3, 2005 motion was untimely because the BIA issued its final order on June 9, 2005. However, Gjoliku argues that two exceptions to the timeliness requirement apply in his case. These arguments are unavailing.

█ The 30 and 90 day filing deadlines for motions to reopen and reconsider do not apply where the motion is "based on changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). However, all of the evidence submitted by the petitioner in support of his changed circumstances claim was either available at the previous hearing or not material. Thus, the BIA did not

abuse its discretion in finding that such evidence did not warrant reopening Gjoliku's removal proceedings.

█ Petitioner's equitable tolling argument also fails. We have held that the filing deadline for motions to reopen may be equitably tolled where there has been ineffective assistance of counsel. *Iavorski v. U.S. INS*, 232 F.3d 124, 127–28 (2d Cir.2000). However, tolling is available only if an asylum applicant can demonstrate that (1) his counsel's conduct violated his constitutional right to due process, and (2) he "has exercised due diligence in pursuing the case during the period [he] seeks to toll." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006); *see also Jin Bo Zhao v. INS*, 452 F.3d 154, 156–57 (2d Cir.2006). Gjoliku claims that his previous attorney was ineffective because: (1) she filed a petition for review with this Court past the 30 day filing deadline; and (2) she failed to file a motion to reopen with the BIA within the 90 day deadline. As to the first contention, Gjoliku is correct that this Court dismissed as untimely a petition for review filed by previous counsel. However, he also admits that he did not retain that counsel until after the 30 day filing deadline (also applicable to his motion to reconsider) had passed. Gjoliku can hardly be said to have been diligent in this respect nor can the lateness be said to be the result of a lack of diligence on the part of counsel. With regard to counsel's failure to file a motion to reopen within the 90 day deadline, nothing in the record indicates that Gjoliku ever asked his counsel to file a motion to reopen. Accordingly, it was not an abuse of discretion for the BIA to reject Gjoliku's ineffective assistance claim.

█ Additionally, any claim regarding the BIA's denial of Gjoliku's motion for a stay of removal is deemed waived because petitioner failed to make any argument

regarding that claim before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).