**YAN MIN HAN, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–4454–ag.**

United States Court of Appeals, Second Circuit.

June 26, 2007.

Yan Min Han, Flushing, NY, (pro se).

Peter D. Keisler, Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Yan Min Han, a citizen of the People's Republic of China, seeks review of a September 5, 2006 order of the BIA affirming the March 16, 2006 decision of Immigration Judge ("IJ") Patricia A. Rohan denying Han's motion to reopen her immigration proceedings. *In re Yan Min Han,* No. A79 316 952 (BIA Sept. 5, 2006), *aff'g* No. A79 316 952 (Immig. Ct. N.Y. City Mar. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we

review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

█ The IJ and BIA did not abuse their discretion in finding that Han's motion to reopen her proceedings for purposes of rescinding an order of removal entered *in absentia* was untimely. The removal order entered *in absentia* was issued in July 2001. However, Han did not file her motion until March 2006, years beyond the 180–day deadline for the filing of such motions. *See* 8 U.S.C. § 1229a (b)(5)(C)(i).

█ The IJ and BIA were also correct in determining that Han failed to demonstrate that exceptional circumstances excused her late filing where she did not comply with the requirements set forth in *Matter of Lozada. See Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). The record establishes that, as required by *Lozada,* Han provided an affidavit with her motion to reopen, setting forth her allegations of ineffective assistance of counsel. However, she did not submit with her motion any evidence that she had informed her prior counsel of her claim, nor did she allege that she had filed a complaint with the appropriate disciplinary committee or provide any explanation for her failure to file such a complaint. The record thus supports the BIA's finding that Han failed to comply with the *Lozada* requirements.

*See Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005).

█ Furthermore, the BIA did not abuse its discretion in determining that Han failed to exercise due diligence during the period she sought to toll—i.e., between July 2001 and March 2006. *See Iavorski v. U.S. INS,* 232 F.3d 124, 135 (2d Cir. 2000). According to the record evidence, despite the alleged ineffective assistance of counsel, Han was personally served with the Notice to Appear for the July 2001 hearing. And, although there is no certificate of service regarding the *in absentia* removal order, according to a cover letter from the Executive Office for Immigration Review, a copy of the IJ's order was sent to Han's address of record. Therefore, Han could have filed her motion to reopen within 180 days. In any event, even if Han did not receive a copy of the *in absentia* removal order in 2001, Han, through new counsel, obtained a copy of the order in March 2004. However, Han waited two more years to file her motion to reopen with the immigration court. Because Han provides no reasonable explanation for this delay, the BIA did not abuse its discretion in finding that she failed to exercise due diligence in pursuing a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS,* 452 F.3d 154, 156–57 (2d Cir.2006) (per curiam) (citing *Iavorski,* 232 F.3d at 134–35).

For the foregoing reasons, the petition for review is DENIED.