Alphajor JALLOH, Petitioner,

v.

Michael B. MUKASEY,[1] Attorney General, Respondent.

No. 06–5063–ag.

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Thomas V. Massucci, New York, N.Y., for Petitioner.

Russell J.E. Verby (Jennifer Keeney, Attorney, Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), for Peter D. Keisler, Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.[2]

### SUMMARY ORDER

Alphajor Jalloh, a native and citizen of Sierra Leone, whose application for asylum and withholding of removal had previously been denied, *see In re Alphajor Jalloh,* No. A 78 231 148 (B.I.A. Nov. 2, 2005), *aff'g* No. A 78 231 148 (Immig. Ct. N.Y. City July 28, 2004), petitions for review of the denial of his untimely motion to reopen, *see In re Alphajor Jalloh,* No. A 78 231 148 (B.I.A. Oct. 18, 2006). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

We review the denial of a motion to reopen for abuse of discretion. *See, e.g., Cekic v. INS,* 435 F.3d 167, 170 (2d Cir. 2006). Jalloh submits that the BIA abused its discretion in concluding that he failed to demonstrate that, in the five months between his discovery of his prior counsel's ineffective assistance and the filing of his reopening petition, he had exercised the due diligence necessary to secure equitable tolling of the ninety-day filing deadline established by 8 U.S.C. § 1229a(c)(7)(C)(i). *See Iavorski v. INS,* 232 F.3d 124, 134–35 (2d Cir.2000); *accord Cekic v. INS,* 435 F.3d at 170–71. In support, he cites *Jin Bo Zhao v. INS,* 452 F.3d 154 (2d Cir. 2006), in which this court identified error in the BIA's refusal to grant five months' equitable tolling to a petitioner who sought reopening after discovering the ineffectiveness of his prior counsel. *Id.* at 159–60.

In fact, *Zhao* is distinguishable from Jalloh's case in two important respects.

2. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

First, in *Zhao,* the BIA failed even to consider whether petitioner's circumstances warranted equitable tolling under *Iavorski. See Zhao v. INS,* 452 F.3d at 157–58 & n. 5. In Jalloh's case, the BIA conducted the requisite inquiry but ultimately concluded that Jalloh had not met his burden to demonstrate due diligence. In the latter circumstance, we do not frequently identify abuse of discretion. *See Cekic v. INS,* 435 F.3d at 172 (expressing sympathy for petitioners' position, but holding that "[m]indful of the deferential standard of review and the fact that the Cekics bore the burden to show that they exercised due diligence, we find that the BIA did not abuse its discretion"). Second, the record in *Zhao* did not clearly indicate when petitioner discovered his prior counsel's ineffective assistance. *Zhao v. INS,* 452 F.3d at 159 (noting that the "record reflects that *sometime* after missing" the April 19, 2003 filing deadline, "Zhao's second attorney admitted his error to Zhao" (emphasis added)). Declining to hold that due diligence required Zhao "immediately [to] discover his attorney's failure to meet a filing deadline," we concluded that "the five-month period between [the missed deadline in] April 2003 and [the filing of a reopening motion in] September 2003[was] not too long . . . to merit equitable tolling." *Id.* at 159. By contrast, there is no question as to when Jalloh discovered his prior counsel's ineffectness; in an affidavit, Jalloh states that he had learned that fact by December 2005. At oral argument, Jalloh's counsel acknowledged that he was not retained until four months later, in April 2006. While this is not an inordinate amount of time, because the statute expressly provides for filing within ninety days, we cannot conclude that the BIA abused its discretion in concluding that, absent some evidence that Jalloh required a longer time simply to secure counsel, Jalloh had failed to demonstrate the due diligence necessary to warrant equitable tolling.

The petition for review is DENIED.