**AIYAN LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2410–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Romben Aquino, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Aiyan Lin, a native and citizen of the People's Republic of China, seeks review of a May 9, 2007 order of the BIA denying her motion to reopen removal proceedings. *In re Aiyan Lin,* No. A 73 545 793 (B.I.A. May 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "The BIA exceeds its allowable discretion if its decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, ... (4) contains only summary or conclusory statements, ... [or (5) ] fails to consider the facts of record relevant to the motion." *Melnitsenko v. Mukasey,* 517 F.3d 42, 50 (2d Cir.2008) (citation and internal quotation marks omitted).

The BIA's decision that Lin's motion to reopen was untimely, given that it was filed nearly six years after the BIA dismissed her appeal, is beyond objection. *See* 8 C.F.R. § 1003.2(c)(2). However, the BIA exceeded its allowable discretion in reaching its conclusion that Lin did not qualify for equitable tolling of the 90–day deadline. *See Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000) (providing that the deadline may be equitably tolled so long as movant exercises due diligence in vindicating her rights).

[F]iling deadlines for motions to reopen premised on ineffective assistance may be subject to an equitable toll. Tolling is available if the alien can demonstrate that (1) his counsel's conduct violated the alien's constitutional right to due process, and (2) the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll.

*Cekic v. INS,* 435 F.3d 167, 170 (2d Cir. 2006) (internal quotation marks omitted). We recently explained that the equitable tolling inquiry, which must be "tailored to the specific facts of the case," consists of two steps: (1) "whether and when the ineffective assistance was, or should have been, discovered by a reasonable person in the situation"; (2) "[t]hen, petitioner bears the burden of proving that [s]he has exercised due diligence in the period between discovering the ineffectiveness of h[er] representation and filing the motion to reopen." *Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007) (per curiam) (internal quotation marks omitted).

In support of her motion to reopen, Lin argued that Karen Jaffe, who represented her at her merits hearing before the Immigration Judge ("IJ") and before the BIA on appeal of the IJ's denial of relief, provided ineffective assistance by not correcting Lin's asylum application, not filing a complaint against the travel agent who

wrongly omitted Lin's forcible sterilization claim from the application and included other allegedly false information, and by not explaining to Lin the nature of her appeal.

Lin conceded that she could have filed a motion to reopen in 2001. Lin explained, however, that in early 2001 she had married a U.S. citizen and in March 2001 she retained a new lawyer, Matthew Joen, to help her seek adjustment of status based on her spouse's citizenship. According to Lin, she asked Joen and his assistant whether she should file a motion to reopen and was told she did not need to because she could adjust her status based on her husband's citizenship. Relying on this advice, Lin, in her own words, "wasted five years." Lin further explained that in September 2006 she learned from yet another attorney, Lorance Hockert, that she should have filed a motion to reopen. A mere four months elapsed before Lin filed her motion to reopen.

In denying Lin's motion to reopen, the BIA found that she had complied with *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A.1988), with respect to her claim that Karen Jaffe provided ineffective assistance.

> The BIA held, however, that Lin had fail[ed] to provide an adequate explanation of why she waited almost 6 years to file the instant motion. [Lin] suggests that she relied on Mr. Joen from March 2001 through September 2006 to pursue adjustment based on her marriage to a United States citizen, and he failed to advise her to seek reopening. But [Lin] has not complied with *Matter of Lozada* with respect to Mr. Joen, and there is not a statement or affidavit from Mr. Joen that responds to [Lin's] assertions, or corroborates her claim. Therefore, under the circumstances, the respondent has not shown that she exercised due diligence.

In so holding, the BIA exceeded its allowable discretion by not adequately considering the facts of record relevant to the motion and by not providing a rational explanation for its ruling.

Lin did not argue merely that Joen "failed to advise her to seek reopening." Rather, Lin argued that she consulted Joen about the necessity of filing a motion to reopen and was told not to bother.

Our precedent suggests that a petitioner may have acted with "reasonable diligence" when his or her delay is due to attorney conduct that, while less than ideal, would not rise to the level of ineffective assistance. *See Zhao v. INS*, 452 F.3d 154, 159 (2d Cir.2006) (per curiam) ("Although Zhao's third attorney took nearly three months from being retained to file Zhao's second motion to reopen, in the circumstances presented we conclude that he moved quickly enough to protect Zhao's rights.... Although even speedier action would have been prudent, we decline to hold Zhao responsible for this moderate delay."). In this case, the BIA erroneously assumed without explanation that Lin could not have exercised reasonable diligence unless she demonstrated the ineffective assistance of Joen, and that her failure to comply with *Lozada* precluded such a demonstration. If the BIA wishes to apply procedural requirements to cases where a petitioner alleges that a delay in filing an ineffective assistance claim is attributable to misadvice from counsel, it must provide a reasoned basis for its requirements. The BIA may not simply apply *Lozada* without explanation. Therefore, the BIA exceeded its allowable discretion by relying on Lin's failure to comply with *Lozada* with respect to Joen's representation as the basis for its rejection of Lin's explanation of her diligence.

The BIA did not address the merits of Lin's claim that Jaffe provided ineffective

assistance because it found the motion untimely. Thus, on remand, the agency should consider Lin's claim of equitable tolling as well as the claim of ineffective assistance of counsel, if appropriate.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order.