SUMMARY ORDER

Petitioner Abbass Mousa Mehdi, a native and citizen of Lebanon, seeks review of the July 24, 2008 order of the BIA denying his motion to reopen. In re Abbass Mousa Mehdi, No. A78 757 760 (B.I.A. July 24, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005). As a preliminary matter, because Mehdi fails to raise any arguments concerning the BIA’s findings relating to his application for adjustment of status, we deem any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
Ordinarily, a motion to reopen must be filed no later than 90 days after the date of the final administrative decision in the proceeding sought to be reopened. See 8 C.F.R. § 1003.2(c)(2). In certain cases, that deadline may be tolled to accommodate claims of ineffective assistance of counsel, so long as the alien exercised “due diligence” in vindicating his or her rights. See Jin Bo Zhao v. INS, 452 F.3d 154, 156-57 (2d Cir.2006). In order to demonstrate ineffective assistance of counsel, the alien must show that competent counsel would have acted otherwise, and that his or her counsel’s performance prejudiced the outcome of the case. See Rabiu v. INS, 41 F.3d 879, 882 (2d Cir.1994).
It is undisputed that Mehdi’s May 2008 motion to reopen was untimely because the underlying BIA decision was issued in November 2005. 8 C.F.R. § 1003.2(c)(2). We find no abuse of discretion in the BIA’s conclusion that Mehdi failed to establish prejudice sufficient to warrant equitable tolling of the 90-day *40 filing deadline. Mehdi’s central argument is that his prior attorney’s failure to raise objections to a statement taken at his port of entry prejudiced the outcome of his asylum hearing where the IJ based his adverse credibility determination on inconsistencies between that statement and his testimony. However, the BIA properly noted that Mehdi’s arguments challenged the “form, rather than the content, of the statement.” More significantly, the BIA accurately observed that the IJ’s decision was based “primarily on other inconsistencies in the record, a lack of detail[,] and a lack of corroboration[.]” Mehdi did not raise in his motion to reopen any challenges to the IJ’s other findings, and does not raise any challenges to those findings before this Court. Other than simply asserting that prejudice has been established, he fails to offer any argument as to how the outcome of his case might have changed in the absence of the port-of-entry statement. Accordingly, the BIA reasonably concluded that Mehdi failed to establish the prejudice necessary for equitable tolling of the filing deadline applied to motions to reopen. See Rabiu, 41 F.3d at 882; Jin Bo Zhao, 452 F.3d at 156-57. Because this finding alone is dispositive, it is unnecessary to consider Mehdi’s remaining arguments.
For the foregoing reasons, the petition for review is DENIED.