**Mirash NARKAJ, Pranvera Narkaj, Petitioners,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Department of Homeland Security, Respondents.**

No. 08–3816–ag.

United States Court of Appeals, Second Circuit.

May 29, 2009.

---

1. Pursuant to Federal Rule of Appellate Pro-

cedure 43(c)(2), Attorney General Eric H.

348

Darryl L. Wynn, New York, New York, for Petitioners.

Michael F. Hertz, Acting Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as

### SUMMARY ORDER

Petitioners seek review of the July 2, 2008 order of the BIA denying their motion to reopen. *In re Mirash Narkaj* and *Pranvera Narkaj*, Nos. A75 559 665/666 (B.I.A. July 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Under 8 C.F.R. § 1003.2(c)(2), an individual must file a motion to reopen within 90 days of the entry of the final decision in the underlying proceeding. However, this time limitation may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 158–59 (2d Cir.2006) (per curiam). To merit equitable tolling based on ineffective assistance of counsel, an applicant must show that he exercised due diligence in pursuing the case during the period of time for which he seeks tolling. *Iavorski v. INS*, 232 F.3d 124, 134–35 (2d Cir.2000); *In re Compean*, 24 I. & N. Dec. 710 (B.I.A.2009).

In this case, there is no dispute that Petitioners' motion to reopen was untimely. Moreover, the BIA did not abuse its discretion in declining to toll the time limitation on the motion based on their claim of ineffective assistance of counsel. The BIA properly found that Petitioners did not exercise due diligence and that equitable tolling was therefore not warranted. *See Iavorski*, 232 F.3d at 134–35.

Whether a petitioner has exercised the requisite due diligence rests upon a two-part inquiry that first evaluates whether

one of the respondents in this case.

and when a reasonable person in the petitioner's situation should have discovered the ineffective assistance. *See Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir. 2007) (per curiam). The petitioner then bears the burden of proving that he or she exercised due diligence in the period that elapsed between the point at which he or she discovered, or should have discovered, the ineffective assistance, and the filing of his or her motion to reopen. *See id.* Moreover, an alien must demonstrate due diligence in the time prior to the discovery of the ineffective assistance as well as in the time period between the discovery and the filing of the motion. *See Rashid v. Mukasey,* 533 F.3d 127, 132 (2d Cir.2008).

In this case, Petitioners did not file their motion to reopen until April 8, 2008, almost two years after the final order of removal. Petitioners argue that the period for reopening should be equitably tolled because their former counsel was ineffective when she: (1) failed to explore whether Pranvera had a viable claim for asylum; (2) failed to adequately prepare Petitioners for the hearing; and (3) failed to call Pranvera as a witness at the hearing to corroborate Mirash's story. However, Petitioners failed to demonstrate due diligence in pursuing their ineffective assistance of counsel claim given that (a) all of these alleged failures occurred before or during the merits hearing before the IJ, (b) Petitioners were represented by new counsel on appeal, and (c) they failed to bring any of these claims until almost two years after the final order of removal. *See Jian Hua Wang,* 508 F.3d at 715. Under these circumstances, the BIA did not abuse its discretion in finding that Petitioners failed to exercise due diligence in pursuing their ineffective assistance of counsel claim. *See id.; Rashid,* 533 F.3d at 131–32.

For the foregoing reasons, the petition for review is DENIED.