SUMMARY ORDER

Petitioner Ke Feng Wang, a native and citizen of the People’s Republic of China, seeks review of a December 5, 2007 order of the BIA denying his motion to reopen. In re Ke Wang, a.k.a. Hak Fung Wong, No. A73 572 886 (B.I.A. Dec. 5, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 168-69 (2d Cir.2008). Under 8 C.F.R. § 1003.2(c)(2), an individual must file a motion to reopen within 90 days of the entry of the final decision in the underlying proceeding. However, this time limitation may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. See, e.g., Jin Bo Zhao v. INS, 452 F.3d 154 (2d Cir.2006). To merit equitable tolling based on ineffective assistance of counsel, an applicant must show, inter alia, that he exercised due diligence in pursuing the case during the period of time for which he seeks tolling. Iavorski v. I.N.S., 232 F.3d 124, 134-35 (2d Cir.2000).
In this case, there is no dispute that Wang’s motion to reopen was untimely. Moreover, the BIA did not abuse its discretion in declining to toll the time limitation on that motion based on Wang’s claims of ineffective assistance of counsel. Wang provided vague and contradictory *426 explanations to justify the lengthy delays between his 1995 deportation order, his 2004 motion to reopen, and his 2007 motion to reopen. In sum, Wang’s own account of the efforts he made to remain in contact with both his first and second attorneys reveals a pervasive lack of diligence that permitted, inter alia, both attorneys to relocate without Wang’s awareness. On this record, the BIA properly concluded that Wang did not exercise the requisite due diligence and that equitable tolling was therefore not warranted. See, e.g., Cekic v. INS, 435 F.3d 167, 170-71 (2d Cir.2006) (holding that alien failed to exercise due diligence where he waited two years to file a motion to reopen); Iavorski, 232 F.3d at 134-35 (holding that petitioner, who upon discovery of adverse BIA decision attempted to reach attorney by phone, but failed to do so and then did nothing for period of two years, failed to exercise requisite due diligence).
Wang further argues that the BIA abused its discretion and violated its own precedent as set forth in Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (B.I.A. 2002) when it denied his motion to reopen without first addressing his application for adjustment of status. However, Wang failed to fulfill the requirements set forth in Matter of Velarde-Pacheco because his motion was not timely filed. Id. at 256. The BIA therefore did not err in failing to explicitly address Wang’s eligibility for adjustment of status. See id.
For the foregoing reasons, the petition for review is DENIED. The pending motion for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).