Jin Bo ZHAO, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

Docket Nos. 03–4744–AG(L),
04–1890–AG(CON).

United States Court of Appeals,
Second Circuit.

Argued: June 13, 2006.

Decided: June 20, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Shelese Woods, Assistant United States Attorney (Susan W. Brooks, United States Attorney, on the brief), United States Attorney's Office for the Southern District of Indiana, Indianapolis, IN, for Respondent.

Before CABRANES, STRAUB and HALL, Circuit Judges.

PER CURIAM.

We consider here the level of diligence required by a petitioner to merit "equitable tolling" of the regulatory requirements for timeliness and numerosity of motions to reopen immigration decisions.

Petitioner Jin Bo Zhao, a native and citizen of the People's Republic of China ("China"), seeks review of two separate orders of the Board of Immigration Ap-

peals ("BIA" or the "Board") denying his motions to reopen the Board's earlier order affirming the decision of Immigration Judge Charles M. Honeyman (the "IJ") that denied Zhao's application for asylum, withholding of removal, and voluntary departure and ordered him removed from the United States. Because we conclude that the BIA erred when it declined to toll its procedural requirements and dismissed Zhao's *second* motion to reopen or to reconsider as both time-barred and number-barred, we remand the cause to the BIA for consideration on the merits of Zhao's claim that ineffective assistance of counsel caused both (1) the initial rejection of Zhao's application by the IJ and (2) the BIA's dismissal of Zhao's *first* motion to reopen or to reconsider.

## INTRODUCTION

A thorough recitation of the underlying procedural history is necessary to the resolution of this petition. Zhao entered the United States without inspection in April 1990. He applied for asylum and withholding of removal on the basis of his allegations that the Chinese government persecuted him on account of his political statements and activities. After conducting a hearing, the IJ determined that Zhao was not credible and had therefore not met his burden to establish a claim for asylum or withholding of removal. Accordingly, on January 24, 2000, the IJ denied Zhao's application and, after finding that Zhao did not qualify for voluntary departure, ordered him removed to China. *In re Jin Bo Zhao*, File No. A 71 499 437 (Immig. Ct., New York, Jan. 24, 2000). Zhao appealed the IJ's decision to the Board, which affirmed it on June 12, 2002. *In re Jin Bo Zhao*, File No. A 71 499 437 (BIA June 12, 2002).

Zhao, dissatisfied with the performance of the attorney who represented him be-

fore the IJ and in his appeal to the BIA, retained new counsel to file a petition in this Court for review of the BIA's decision affirming the IJ's order and also to file a motion with the BIA asking the Board to reopen Zhao's case on the basis of his original attorney's alleged ineffective assistance. Following the filing of a petition for review in this Court (Docket No. 02–4278), Zhao agreed with the Government to withdraw his petition so that he could pursue the ineffective assistance motion before the BIA—a withdrawal that would be without prejudice as long as Zhao reinstated his petition before this Court within thirty days of the BIA's eventual disposition of his motion.

In his initial "motion to reopen or reconsider," filed January 21, 2003, Zhao alleged that his original attorney "did not really care about his case and did not know the basic law regarding hearsay testimony in an asylum hearing." Although Zhao's accompanying affidavit offered detailed allegations concerning his original counsel's purported unfitness, Zhao did not explain why his motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2) (requiring that such motions be filed within ninety days of the final decision being challenged). The BIA denied the motion as untimely on March 20, 2003, finding that Zhao "has offered no explanation as to why [his] motion was filed late." *In re Jin Bo Zhao*, File No. A 71 499 437 (BIA Mar. 20, 2003).

Zhao appealed the BIA's denial of his motion to reopen to this Court in what became Docket No. 03–4744. He did not, however, move in this Court to reinstate his original petition (despite his stipulation with the Government that he could do so). His original petition is therefore not before us. Sometime between March and September 2003, Zhao's counsel informed Zhao of his failure to reinstate his original appeal in this Court and recommended

that Zhao yet again hire new representation. On September 8, 2003, Zhao retained his current attorney, who took over the active appeal in this Court and also filed, on December 5, 2003, a second "motion to reopen" with the BIA.

In his second motion to reopen, Zhao restated his allegation that his initial counsel before the IJ was defective and also argued that his second counsel was ineffective in failing (1) to timely file his original motion to reopen before the BIA (or to explain that its lateness was caused by his original counsel's failings), a failure that caused the BIA to dismiss it out of hand as untimely, and (2) to timely reinstate his original appeal with this Court, as would have been permitted under Zhao's stipulation with the Government. He requested that the BIA reissue its decision so that Zhao's petition for review in this Court could be renewed.[1] In addition, he asked the BIA to consider on the merits his prior allegations concerning his original counsel's performance before the IJ, which the BIA had originally dismissed as time-barred. Finding that this second motion to reopen was also time-barred, in addition to being "number-barred,"[2] the BIA denied Zhao's motion. *See* 8 C.F.R. § 1003.2(c)(2) ("[A] party may file only one motion to reopen deportation or exclusion proceedings...."). Zhao timely filed another petition for review in this Court, which became Docket No. 04–1890 and was consolidated for review with the active Docket No. 03–4744.

## Discussion

### I. The BIA Correctly Denied Zhao's First Motion To Reopen as Time–Barred

■ Pursuant to 8 C.F.R. § 1003.2(c)(2), a "motion to reopen deportation or exclusion proceedings ... must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." The BIA affirmed Judge Honeyman's decision on June 12, 2002. By filing his first motion to reopen on January 21, 2003, Zhao was well beyond the ninety-day deadline.

■ In its decision denying Zhao's motion to reopen as untimely, the BIA discussed our decision in *Iavorski v. INS*, 232 F.3d 124, 134–35 (2d Cir.2000), in which we stated that equitable tolling of the ninety-day filing deadline was permissible under the Immigration and Naturalization Act of 1952, as amended ("INA"). *See* Immigration Act of 1990, Pub.L. No. 101–649, § 545(d), 104 Stat. 4978, 5066 (directing the Attorney General, in amendment to the INA, to issue regulations concerning "the period of time in which motions to reopen and to reconsider may be offered in deportation proceedings, which regulations include a limitation on the number of such motions that may be filed and a maximum time period for the filing of such motions"); Motions and Appeals in Immigration Proceedings, 61 Fed.Reg. 18,900 (Apr. 29, 1996) (announcing final rule allowing filing

---

1. Because Zhao had failed timely to reinstate his original petition for review in this Court (despite his stipulation with the Government), any new petition in this Court for review of the underlying merits of the IJ's decision (and the BIA's original affirmance of that decision) would be procedurally barred. Zhao's request was for the BIA to reconsider his original appeal on the merits so that, assuming the BIA reached the same result and "reissued" its decision, direct review in this Court could be obtained by filing a timely petition for review of the "reissued" decision.

2. A motion is "number-barred" if the person filing it has exceeded the numerical limit established for such motions by statute or regulations. Accordingly, if the regulations allow a person to file a certain kind of motion only once, a second (or third, etc.) such motion would be rejected—on procedural grounds—as number-barred.

of only one motion to reopen, which must be filed within ninety days of issuance of order alien seeks to reopen). *Iavorski* requires, however, that an alien seeking equitable tolling of this time limit exercise "due diligence" in vindicating his rights. *See id.* at 134 ("In a situation where fraud or concealment of the existence of a claim prevents an individual from timely filing, equitable tolling of a statute of limitations is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation."); *see also Ali v. Gonzales,* 448 F.3d 515, 517–18 (2d Cir.2006) (concluding that BIA did not abuse its discretion in finding that alien had not exercised reasonable diligence); *Cekic v. INS,* 435 F.3d 167, 171 (2d Cir. 2006) (concluding that aliens seeking equitable tolling "were not reasonably diligent").

Zhao's first motion to reopen offered no explanation whatsoever, much less one the BIA was bound to accept, for its late filing.[3] Accordingly, we conclude that the BIA did not err in denying the first motion to reopen as untimely.[4]

## II. The BIA Erred in Not Applying Equitable Tolling to Zhao's Second Motion To Reopen

■ Unlike Zhao's first motion to reopen, which did not attempt to justify its lateness, Zhao's second motion addresses the issue directly. In Zhao's supporting affidavit, he states that after the IJ's original decision was affirmed by the BIA, Zhao hired new counsel "to appeal to the 2nd Circuit Court of Appeals and to file a motion to reopen to the BIA." He states further that counsel "timely filed a petition for review, but did not file the motion to reopen" before the deadline. In addition, he alleges that although his attorney stipulated with the United States Attorney's Office that he would withdraw his petition for review in this Court pending the BIA's adjudication of his motion to reopen, counsel failed to reinstate the petition for review in this Court within thirty days of the BIA's denial of his motion to reopen, as permitted by the stipulation. Adding that he had paid $4,100—the entire agreed fee—to his second attorney, he asked the BIA to "reissue" its decision (in order to allow Zhao to revive his initial petition for review in this Court) and to consider his new motion to reopen on the basis of the alleged ineffective assistance of his first and second attorneys. He included with his motion proof that he had filed complaints against his first and second attorneys and served them with copies of the complaints.

The BIA's decision denying Zhao's second motion to reopen contains no analysis

---

**3.** Despite this fatal shortcoming, we note that Zhao's first motion to reopen otherwise represented a plausible effort to satisfy the BIA's requirements for motions to reopen based upon alleged ineffective assistance of counsel. *See In re Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988) (stating that such motions must (1) be supported by alien's affidavit detailing agreement between him and counsel, as well as how his counsel failed to provide effective assistance, (2) demonstrate that counsel has been informed of the allegations and given a chance to respond, and (3) demonstrate that a disciplinary complaint has been filed against the allegedly ineffective attorney or explain why such a complaint has not been filed). Zhao's first motion to reopen did make specif-

ic allegations concerning his counsel's performance before the IJ and included proof that Zhao had filed a complaint with the relevant committee.

**4.** We intimate no view as to whether, had Zhao's motion been timely filed or contained an explanation for its late filing, the BIA should have granted it, much less whether it would have abused its discretion in denying it. *See Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (noting that a "decision by the Board [not to reopen a removal proceeding] may be reversed only upon our finding that it abused its discretion").

of the merits of Zhao's ineffective assistance claims. Rather, it states that the motion is time-barred and number-barred, citing the procedural requirements of 8 C.F.R. § 1003.2(c)(2), which sets a ninety-day deadline for filing motions to reopen and allows only one such motion in an immigration proceeding. *See In re Jin Bo Zhao*, File No. A 71 499 437 (BIA Apr. 6, 2004).[5]

For the purposes of our review of the BIA's denial of Zhao's *second* motion to reopen, we need not—and do not—consider whether Zhao's first attorney actually provided him with ineffective assistance during his hearing before the IJ or in his original appeal to the BIA.[6] The question is whether, assuming Zhao's allegations concerning his first attorney are true, the BIA correctly declined to consider those allegations on the merits because of the time and number limitations of 8 C.F.R. § 1003.2(c)(2). Because Zhao retained his second attorney in time to file a timely petition in this Court on July 10, 2002 seeking review of the BIA's June 12, 2002 affirmance of the IJ's decision, it is clear that—assuming *arguendo* that Zhao's first attorney was ineffective—Zhao's second attorney was ineffective because, despite being hired well before the BIA's deadline to file a motion to reopen, he neither (1) filed a timely motion to reopen with the BIA (*i.e.*, within ninety days of June 12,

2002) nor (2) explained in his January 2003 motion to reopen why its lateness by more than three months should be excused.

We conclude also based on the record before us that the late filing of Zhao's first motion to reopen does not demonstrate a lack of due diligence on Zhao's part. First, we note that Zhao paid his second counsel $3,000 to petition for review in this Court and $1,100 to move the BIA to reopen his case. *See Iavorski*, 232 F.3d at 134 (resting conclusion that alien did not exercise reasonable due *diligence* in part on finding that alien had "never paid the $1,000 fee his attorney originally requested for filing the appeal"). Second, Zhao's second attorney timely petitioned for review in this Court, and he did so *months before the BIA's deadline* for filing a timely motion to reopen, demonstrating that he was working on Zhao's case well before the BIA's deadline yet somehow failed to file timely a motion to reopen before the Board. Third, nothing in the record suggests that Zhao knew or reasonably should have known that his counsel, who took Zhao's fees and managed to file a timely petition in this Court, subsequently did not meet the BIA's deadline. Under these circumstances, we conclude that Zhao has demonstrated adequate diligence for the time period beginning with the BIA's original June 12, 2002 affirmance of the IJ's decision and the BIA's March 20, 2003

---

5. The BIA discussed Zhao's second motion to reopen as follows:

> [Zhao] claims that the attorney who submitted the previous motion [to reopen] provided ineffective assistance of counsel in connection with a petition for review filed with the Second Circuit Court of Appeals. However, the motion is untimely, and barred by numerical limitations for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2). The pending motion is, therefore, denied.

*In re Jin Bo Zhao*, File No. A 71 499 437 (BIA Apr. 6, 2004).

6. Zhao's primary claim of ineffective assistance by his *second* attorney arises from that attorney's failure to timely file with the BIA a motion to reopen his proceedings on the basis of the alleged ineffective assistance of Zhao's *first* counsel. While the BIA's April 6, 2004 decision (the one now on appeal) constitutes an implicit rejection by the Board of Zhao's claim that his *second* counsel was ineffective (because the issue was raised yet the Board declined to toll its procedural requirements), the Board has never considered the merits of Zhao's allegations with regard to his *first* counsel.

denial as untimely of Zhao's first motion to reopen.

We therefore consider next whether Zhao demonstrated reasonable due *diligence* between March 20, 2003 and the eventual filing by Zhao's third (and current) attorney on December 5, 2003 of Zhao's second motion to reopen, the denial of which led to the instant appeal. As discussed above, Zhao's second attorney had agreed with the Government to withdraw his initial petition in this Court subject to his ability to reinstate the appeal within thirty days of the BIA's adjudication of his first motion to reopen. Accordingly, Zhao's second counsel should have reinstated the petition—but did not—within thirty days of March 20, 2003. The record reflects that sometime after missing this deadline (which passed on April 19, 2003), Zhao's second attorney admitted his error to Zhao, urging him to retain new counsel (1) to manage Zhao's petition for review of the March 20, 2003 decision (Docket No. 03–4744) and (2) to move the BIA to reopen its original decision so that Zhao might revive his original petition in this Court (Docket No. 02–4278). Zhao retained new counsel on September 8, 2003.

The Government argues that "Zhao should have been aware of his attorney's failure to reinstate the 02–4278 petition since April 20, 2003." *Br. of Resp't* at 23. We disagree. The test is not whether Zhao could have, perhaps by inquiring with the Clerk of the Court, learned of his counsel's failure to timely reinstate his petition for review. Instead, we consider whether Zhao "exercised reasonable due diligence during the time period sought to be tolled." *See Cekic,* 435 F.3d at 170. We reject the Government's implied argument that a client exercising reasonable due *diligence* should immediately discover his attorney's failure to meet a filing deadline.

We conclude that the five-month period between April 2003 and September 2003 is not too long for Zhao to merit equitable tolling. *Cf. Iavorski,* 232 F.3d at 134 (declining request to toll "two-year period"). Zhao has paid thousands of dollars for representation in his protracted immigration proceeding and—if his allegations are true—he has not received value for the money he gave his first two attorneys. It appears from the record that Zhao, having already replaced one attorney he deemed ineffective, took prompt action upon learning that his second attorney had also failed him. Although Zhao's third attorney took nearly three months from being retained to file Zhao's second motion to reopen, in the circumstances presented we conclude that he moved quickly enough to protect Zhao's rights. Before Zhao's current counsel could file the second motion to reopen, he was required to file a complaint against his predecessor with the relevant disciplinary committee, and to protect his record on appeal he also refiled Zhao's prior complaint against his first attorney. Although even speedier action would have been prudent, we decline to hold Zhao responsible for this moderate delay.

Accordingly, we conclude that the BIA erred in its April 6, 2004 decision denying Zhao's second motion to reopen when it found that his motion was time-barred and declined to consider Zhao's ineffective assistance claim on the merits. Because Zhao's second motion to reopen alleged that his first such motion was denied because of ineffective assistance, we conclude in addition that the BIA erred in finding that Zhao's second motion to reopen was number-barred. If such a petition is number-barred and not subject to equitable tolling, no petitioner could ever argue that his prior, otherwise-meritorious motion to

reopen was denied because of ineffective assistance, inasmuch as the motion so arguing would inevitably be procedurally barred.

On remand, the BIA must consider whether Zhao's first attorney indeed provided him with ineffective assistance such that a motion to reopen his proceedings should be granted. "[T]o prevail on a claim of ineffective assistance of counsel, [a party to an immigration proceeding] must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994) (internal quotation marks omitted); *see also Romero v. INS,* 399 F.3d 109, 112 (2d Cir.2005) ("To show fundamental unfairness, an alien must allege facts sufficient to show 1) that competent counsel would have acted otherwise, and 2) that he was prejudiced by his counsel's performance.") (internal quotation marks omitted).

In sum, we conclude that the BIA correctly denied Zhao's first motion to reopen as time-barred because (1) it was filed late and (2) it did not state why it was not timely. Turning to Zhao's second motion to reopen, we conclude that the BIA erred in rejecting that motion as time-barred and number-barred because the ineffective assistance of the attorney who filed Zhao's first motion to reopen—combined with Zhao's impressive diligence in retaining new counsel and promptly filing a new motion—justified the application of "equitable tolling" of the BIA's time and number regulations. Accordingly, we dismiss the petition in 03–4744 and remand the cause to the BIA in 04–1890 for consideration on the merits of the allegations stated in Zhao's second motion to reopen.

## CONCLUSION

For the foregoing reasons, we deny the petition for review in Docket No. 03–4774 and grant the petition for review in Docket No. 04–1890. On remand, we direct the BIA to consider in the first instance the merits of Zhao's request that his proceeding be reopened on the basis of Zhao's allegations that his first and second attorneys provided ineffective assistance.