**Loflin Karl JACKSON, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General of the United States, Respondent.**

**No. 07–1512–ag.**

United States Court of Appeals, Second Circuit.

Feb. 6, 2008.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Mi- chael B. Mukasey is automatically substituted

Cheryl J. Sturm, Chadds Ford, PA, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Aviva L. Poczter, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Loflin Karl Jackson, a native and citizen of Jamaica, petitions for review of a March 30, 2007, BIA order denying his motion to reopen. *In re Jackson,* No.

A 39 135 258, 2007 WL 1194481 (B.I.A. Mar. 30, 2007). We assume the parties' and counsel's familiarity with the facts and procedural history of this case and the scope of the issues presented by this petition.

The BIA has "'broad discretion' to grant or deny" motions to reopen. *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (quoting *INS v. Rios–Pineda,* 471 U.S. 444, 449, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985)). Because this was Jackson's second motion to reopen, and it was filed more than 90 days (indeed, more than nine years) after a final order of deportation, the BIA correctly concluded that Jackson's motion was time- and number-barred. *See* 8 C.F.R. § 1003.2(c)(2). Jackson "offered no explanation whatsoever, much less one the BIA was bound to accept, for its late filing." *Zhao v. INS,* 452 F.3d 154, 157 (2d Cir.2006) (per curiam). Clearly, then, the BIA did not abuse its discretion in denying Jackson's motion to reopen.

The time and numerical bars on motions to reopen do not prevent the BIA from reopening removal proceedings *sua sponte* pursuant to 8 C.F.R. § 1003.2(a). Such decisions, however, are entirely discretionary and we lack jurisdiction to review them. *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (per curiam).

Jackson's claim to derivative citizenship is wholly without merit for the reasons given in the BIA's decision. We therefore need not decide whether we would be obligated to grant relief to a petitioner with a valid claim of citizenship whose underlying motion to reopen was time- and number-barred. *Cf. Ng Fung Ho v. White,* 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938 (1922) (noting that alienage is a jurisdictional prerequisite to removal); *Iasu v.*

for former Attorney General Alberto R. Gonzales as respondent in this case.

*Smith,* 511 F.3d 881, 893 (9th Cir.2007) (suggesting "a court of appeals could still review the jurisdictional issue" of alienage on review of the BIA's denial of an untimely motion to reopen).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.