**CHANG YU LIN, a.k.a. Harlie Fredik Karamoj, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General of the United States, Respondent.**

No. 07–3896–ag.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Allen W. Hausman, Senior Litigation Counsel; Brooke Maurer, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Yu Lin, a native and citizen of the People's Republic of China, seeks review of an August 15, 2007 order of the BIA denying his motion to reopen. *In re Chang Yu Lin, a.k.a. Harlie Fredik Karamoj,* No. A77 354 112 (B.I.A. Aug. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Under 8 C.F.R. § 1003.2(c)(2), a motion to reopen must be filed within 90 days of the entry of the final decision in the underlying proceeding. However, this time limit may be equitably tolled where the motion

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 157–58 (2d Cir.2006). To merit equitable tolling based on ineffective assistance of counsel, an applicant must comply with the procedural requirements set forth in *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A.1988), and show that he exercised due diligence in pursuing the case during the period of time for which he seeks tolling. *Iavorski v. I.N.S.*, 232 F.3d 124, 134–35 (2d Cir.2000).

In this case, there is no dispute that Lin's motion to reopen was untimely. Lin argues that the BIA erred in finding that equitable tolling was not warranted because he failed to meet the requirements for establishing ineffective assistance of counsel. However, even if Lin substantially complied with the procedural requirements for asserting ineffective assistance claims set forth in *In re Lozada*, the BIA properly concluded that he failed to demonstrate the requisite due diligence. *See Iavorski*, 232 F.3d at 134–35.

Lin was aware of his prior counsel's alleged ineffective assistance as early as October 2003, when the BIA entered the final order in his underlying proceedings. Nonetheless, Lin did not file a disciplinary complaint against his prior counsel until December 2006 and did not file his motion to reopen until March 2007. Although Lin bore the burden of establishing that he actually acted with diligence, *see Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir.2008), he has not offered an adequate explanation for this delay of more than three years in raising his ineffective assistance claim. While Lin asserted that he "asked for [his] file back several times and finally got it in October 2006," he offered no details regarding how many attempts he made to obtain his file, when he made these attempts, or to whom he addressed his requests. In addition, he has never clarified whether he eventually received his file from his prior attorney or from the BIA, nor has he explained why it took so long for him to obtain it. Moreover, even if Lin's attempts to obtain his file served to equitably toll the time period for filing his motion to reopen until October 2006, he still waited an additional five months before submitting his motion to the BIA, despite the fact that "[y]ears [had already] passed after the normal 90–day time limit to reopen had expired." *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715–16 (2d Cir.2007) (finding that petitioner had not exercised due diligence where he received his file from the BIA in October 2005 and filed a disciplinary complaint against his former attorney in January 2006 but did not file his motion to reopen until June 2006, five months later). Accordingly, the BIA did not abuse its discretion in finding that Lin had failed to demonstrate the due diligence required to equitably toll the 90–day deadline for his motion to reopen based on his prior counsel's alleged ineffective assistance. *See id.*

In addition, Lin's brief raises no challenge to the BIA's finding that he failed to establish changed country conditions in China warranting reopening of his proceedings. Lin has thus waived any such challenge. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).