**DI DI QIU, Petitioner,**

v.

**Eric H. HOLDER Jr.,[1] Attorney General, Respondent.**

**No. 08–2037–ag.**

United States Court of Appeals, Second Circuit.

Sept. 16, 2009.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

William Frick, Esq., Seattle, WA, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Di Di Qiu, a native and citizen of the People's Republic of China, seeks review of an October 5, 2007 order of the BIA denying his motion to reopen. *In re Di Di Qiu,* No. A073 604 510 (B.I.A. Oct. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). A motion to reopen must be filed no later than 90 days after the final administrative decision is rendered in the proceedings that the applicant seeks to reopen. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). In this case, Qiu did not file his motion to reopen until more than ten years after the BIA issued its final administrative order.

However, when a movant raises a claim of ineffective assistance of counsel, the filing deadline may, under certain conditions, be equitably tolled. *See Jin Bo Zhao v. INS,* 452 F.3d 154, 156–59 (2d Cir.2006). To merit equitable tolling, the movant must demonstrate that he pursued his case with due diligence during the period of time for which he seeks tolling. *See Iavorski v. I.N.S.,* 232 F.3d 124, 134–35 (2d Cir.2000). Here, Qiu presented no evidence to the BIA to establish that he exercised the requisite due diligence. Although he argues that the preparation of his motion was hampered by the government's refusal to provide him with a copy of his immigration file, he also admits that he did not submit his FOIA request for the file until 2006, ten years after the BIA dismissed his appeal in the underlying proceedings. Qiu's motion did not offer the BIA a clear, satisfactory explanation for this delay.

In his motion, Qiu alleged that he did not learn until the summer of 2006 that his application for relief had been denied. This claim strains credulity; Qiu was present in the hearing room when the IJ delivered her oral decision denying his application, the decision was translated for him by the court interpreter, and Qiu subsequently represented himself on appeal to the BIA. The record indicates that a copy of the BIA's final administrative order dismissing his appeal was mailed to the address that Qiu provided on his Notice of Appeal, and Qiu has never specifically alleged that he did not receive it. In light of Qiu's failure to offer a plausible explanation for his decade-long delay in seeking a copy of his immigration file and otherwise pursuing his case, the BIA reasonably found that he had not shown the required due diligence and declined his request for equitable tolling on that basis. *See Iavorski,* 232 F.3d at 134–35.

Qiu argues that the government's refusal to provide his new attorney with a copy of his file compromised the fundamental fairness of his proceedings and constituted a due process violation. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006). However, Qiu has not established that he was prejudiced in any

way as a result of being deprived of access to the record of his underlying immigration proceedings. *See, e.g., Kheireddine v. Gonzales,* 427 F.3d 80, 85 (1st Cir.2005).

Although Qiu did not merit equitable tolling, he could have established that an exception to the filing deadline for his motion was warranted by presenting evidence of changed country conditions in China. 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). However, Qiu submitted no such evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 149 (2d Cir.2008). The only documents that Qiu filed with his motion were copies of his marriage certificate, his wife's U.S. passport and certificate of naturalization, and his older child's birth certificate. In addition, Qiu alleged that his wife was pregnant with the couple's second child. It is well-settled that the birth of U.S.-citizen children is evidence of changed personal circumstances, not evidence of changed country conditions, and such evidence does not suffice, by itself, to warrant an exemption from the time limitation on motions to reopen. *See, e.g., Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).