**SHI YONG FANG, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] U.S. Attorney General, Respondent.**

**No. 08–5104–ag.**

United States Court of Appeals, Second Circuit.

Oct. 2, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Raymond Lo, Kuzmin & Associates, P.C., New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Mark C. Walters, Senior Litigation Counsel; Lyle D. Jentzer, Senior Litigation Counsel; Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shi Yong Fang, a native and citizen of the People's Republic of China, seeks review of a September 19, 2008 order of the BIA denying his motion to reopen. *In re Shi Yong Fang,* No. A073 569 259 (B.I.A. Sept. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265

F.3d 83, 90 (2d Cir.2001). A motion to reopen must be filed no later than 90 days after the final administrative decision is rendered in the proceedings that the applicant seeks to reopen. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). In this case, there is no question that Fang's motion to reopen was untimely. However, when a movant raises a claim of ineffective assistance of counsel, the filing deadline may, under certain conditions, be equitably tolled. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 156–59 (2d Cir.2006). To merit equitable tolling, the movant must establish, among other things, that he exercised due diligence during the time period he seeks to toll. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 714 (2d Cir.2007).

■ In this case, Fang did not file a disciplinary complaint against his former counsel until April 2008, almost twelve years after his former counsel's alleged failure to inform him of the date of his rescheduled hearing. In the absence of any explanation from Fang for this extensive delay, the BIA did not err in concluding that Fang failed to exercise the due diligence required to merit equitable tolling. *See id.*

■ In addition, the BIA did not err in finding that Fang failed to present evidence of changed country conditions in China that would warrant an exception to the filing deadline for his motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The bulk of the evidence that Fang submitted with his motion—including his marriage certificate, his child's birth certificate, and two abortion certificates—pre-dated not only the BIA's final administrative decision but also Fang's arrival in the United States in 1994. None of this evidence qualifies as material evidence that was not available and could not have been discovered or presented during the underlying deportation proceedings. 8 C.F.R. § 1003.2(c)(1).

■ Although some of the country conditions evidence that Fang submitted indicated that the enforcement of the family planning policy in certain localities in China sometimes involved coercive practices, none of these described recent changes in the policy or its enforcement that would materially affect Fang's eligibility for relief. Instead, these documents described long-standing, continuing practices dating back to the years prior to Fang's departure from China. Accordingly, the BIA reasonably concluded that Fang did not merit an exemption from the time limit for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

■ Finally, Fang argues that the BIA erred by failing to consider and analyze the documentary evidence that he submitted. However, the BIA had no obligation to address the merits of Fang's untimely motion given his failure to make the threshold showing that conditions in China had changed such that an exemption from the filing deadline was warranted. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).