SUMMARY ORDER

Petitioner Javed Akhter, a native and citizen of Pakistan, seeks review of an April 25, 2007 order of the BIA denying his motion to reopen his removal proceedings. In re Javed Akhter, No. A077 541 597 (B.I.A. Apr. 25, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). However, when the BIA analyzes country conditions evidence submitted with a motion to reopen, “we review the BIA’s fact-finding only for ‘substantial evidence.’” Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). Here, there is no dispute that Akhter’s motion was untimely because he filed it over five and a half years after his August 2001 final order of removal. However, the filing deadline may be equitably tolled for claims of ineffective assistance of counsel. See Jin Bo Zhao v. INS, 452 F.3d 154, 159 (2d Cir.2006). Moreover, there is no time limit for motions to reopen based on materially changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).
Akhter’s motion to reopen was based upon both ineffective assistance of counsel and changed country conditions. The BIA rejected both claims. However, before this Court Akhter makes no mention of his ineffective assistance of counsel claim, and we consider only his challenge to the BIA’s changed country conditions finding. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
The BIA reasonably concluded that Akhter had not shown “that conditions [in Pakistan] have worsened.” Indeed, Akhter alleged in his motion that police were looking for him, the same claim that he made in his asylum application. Thus, *551 Akhter did not show the requisite change. See 8 U.S.C. § 1229a(c)(7)(C)(ii).
The BIA further concluded that even if Akhter had shown that conditions in Pakistan had changed, he could not show that such changes were material to his claim because he had been found not credible in the underlying proceeding. Akhter does not challenge this finding in any respect. Even if he had done so, his argument would fail because the agency may rely on an underlying credibility determination in denying the relief requested. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147-48 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.