08-2609-ag
Lin v. Holder

BIA
A078 383 296

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of January, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> > <u>Circuit Judges</u>.

_____

MAO ZHU LIN,
> <u>Petitioner</u>,

> v.                                    08-2609-ag
>                                        NAC

ERIC H. HOLDER, JR.,[1]
U.S.ATTORNEY GENERAL,
> <u>Respondent</u>.

_____

FOR PETITIONER:          Gary J. Yerman, Esq., New York, New York.

FOR RESPONDENT:          Gregory G. Katsas, Assistant Attorney General, Civil Division; Susan K. Houser, Senior Litigation Counsel; Leah V. Durant, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mao Zhu Lin, a native and citizen of the People's Republic of China, seeks review of a May 13, 2008 order of the BIA denying his motion to reopen. In re Mao Zhu Lin, No. A078 383 296 (B.I.A. May 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. See Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 90 (2d Cir. 2001). A motion to reopen must be filed no later than 90 days after the final administrative decision is rendered in the proceedings that the applicant seeks to reopen. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). In this case, Lin did not file his motion to reopen until more than three years after the issuance of the BIA's final administrative order, and there is no dispute that his motion was untimely. However, when a movant raises a claim of ineffective assistance of counsel, the filing deadline may, under certain conditions, be

2

equitably tolled.  See Jin Bo Zhao v. INS, 452 F.3d 154, 156-59 (2d Cir. 2006).  The filing deadline may also be excused when the movant demonstrates changed country conditions.  See U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

To merit equitable tolling, the movant must demonstrate that he pursued his case with due diligence during the period of time for which he seeks tolling.  See Iavorski v. I.N.S., 232 F.3d 124, 134-35 (2d Cir. 2000). "[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence."  See Cekic v. INS, 435 F.3d 167, 170 (2d Cir. 2006).  In this case, the BIA did not abuse its discretion when it found that Lin did not exercise the requisite due diligence.  Lin knew, or should have known, of his former counsel's alleged ineffective assistance in March 2001 when the IJ denied his applications for relief based on lack of prosecution.  However, Lin did not file the underlying motion to reopen until more than six years later. See Iavorski, 232 F.3d at 134.

Lin argues that he did not comprehend the full extent of his prior attorney's negligent misrepresentation until

3

"recently," after his current attorney filed a FOIA request and he was able to obtain and review his case record. However, Lin does not specify which portions of the record triggered this new awareness concerning his former attorney's ineffective assistance. Further, this contention is unconvincing given that Lin's ineffective assistance claim is based on his former counsel's withdrawal from representation during the March 2001 hearing before the IJ and his failure to file an asylum application on Lin's behalf. Accordingly, the BIA reasonably found that Lin failed to exercise the due diligence required to succeed on an ineffective assistance of counsel claim. See id.

In addition, the BIA did not abuse its discretion in finding that the documentation Lin submitted with his motion did not suffice to establish either changed country conditions in China or Lin's prima facie eligibility for relief. See 8 U.S.C. § 1229(a)(c)(7)(C)(ii); INS v. Abudu, 485 U.S. 94, 104-05 (1988). We have in other cases reviewed the BIA's consideration of Lin's evidence, and evidence similar to it, and found no error in the conclusion that such evidence is insufficient to establish either material changed country conditions or an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138,

4

156-65 (2d Cir. 2008). The BIA did not err in finding the bulk of Lin's evidence "cumulative and duplicative" of documentation that it had reviewed in other family-planning cases. See Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence it is "asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

In addition, the BIA did not err in giving little weight to the unauthenticated copy of a letter purportedly issued by the Family Planning Committee of Tingjiang Province to inform Lin that he would be subject to sanctions under the family-planning policy should he return to China. This document was suspect not only because it was unauthenticated but also because it was obtained specifically for the purpose of supporting Lin's motion. See Yan Song Wong v. Keisler, 505 F.3d 615, 622 (7th Cir. 2007)(finding that the agency reasonably declined to give weight to a letter from the authorities in the petitioner's hometown stating that he would be subject to sterilization because the document was unauthenticated and obtained specifically for the purpose of applying for asylum); cf. Xiao Xing Ni v. Gonzales, 494 F.3d 260, 270 (2d Cir. 2007)

5

("nothing is easier than to submit to an appellate court for the first time documents that, if authentic, would appear to be official statements of the Chinese government. If not these documents or those documents, some others would do.") (internal citations and quotations omitted). Accordingly, the BIA reasonably found that none of the evidence that Lin submitted warranted the reopening of his proceedings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk