20-2785
Graham v. Garland

BIA
A203 144 836

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of November, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

KIMANIE TAVOY GRAHAM,
> *Petitioner,*

v.                                                                    **20-2785**
                                                                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Elyssa N. Williams, The Bronx Defenders, Bronx, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**FOR AMICUS CURIAE:** William Tong, Attorney General of Connecticut, Clare Kindall, Solicitor General of Connecticut, Joshua Perry, Special Counsel for Civil Rights, Hartford, CT.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Kimanie Tavoy Graham, a native and citizen of Jamaica, seeks review of an August 7, 2020 decision of the BIA, denying his motion to reopen to apply for cancellation of removal. *In re Kimanie Tavoy Graham*, No. A203 144 836 (B.I.A. Aug. 7, 2020). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the BIA's denial of a statutory motion to reopen for abuse of discretion. *See Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). And although we lack jurisdiction to review the agency's discretionary decision

2

denying a regulatory motion to reopen proceedings *sua sponte*, we may remand for reconsideration where the BIA "declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail." *Chen v. Garland*, 43 F.4th 244, 253 (2d Cir. 2022) (internal quotation marks and citation omitted).

An alien seeking to reopen proceedings may file one statutory motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), *id.* § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Graham's April 29, 2020 motion to reopen was untimely and numerically-barred because it was his second motion to reopen and it was filed almost two years after his removal order became final in 2018. *See* 8 U.S.C. § 1229a(c)(7)(A), *id.* § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA did not err in finding that Graham's purported eligibility for cancellation of removal was not an enumerated basis for excusing the time or number limits. *See* 8 C.F.R. § 1003.2(c)(3). However, although equitable tolling can excuse these limitations, *see generally Zhao v. INS*, 452 F.3d 154 (2d Cir. 2006), the BIA did not consider whether Graham's pardon by the State of Connecticut warranted equitable tolling. Instead, the BIA determined that, regardless of the timing of

3

the motion, Graham had not shown that statutory or regulatory reopening was warranted because he failed to provide evidence showing the legal effect of his pardon in immigration proceedings. That finding was erroneous.

Under 8 U.S.C. § 1227(a)(2)(A)(vi), an alien's removability based on certain grounds of deportability is waived "if the alien subsequent to the criminal conviction has been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States." The BIA "departed from its settled course of accepting full and unconditional pardons granted by a state's supreme pardoning authority when the pardon is executive, rather than legislative, in nature," as in Connecticut. *Thompson v. Barr*, 959 F.3d 476, 489–90 (1st Cir. 2020). Indeed, in 2021, the Department of Homeland Security issued a statement that a full and unconditional pardon issued by the Connecticut Board of Pardons and Paroles is effective under the pardon waiver clause. *See* DHS Statement on Treatment of a Full and Unconditional Pardon Issued Under the Law and Process Currently in Place in Connecticut as Effective for Purposes of the INA § 237(a)(2)(A)(vi) Pardon Waiver Clause and 8 C.F.R. § 316.10(c)(2), *available at* https://www.dhs.gov/news/2021/03/23/dhs-statement-connecticut-pardons-and-immigration. Accordingly, the BIA erred in concluding that

4

Graham failed to establish that his pardon had any effect on his removal proceedings because, under the pardon waiver clause, his removability for having been convicted of an aggravated felony (a bar to cancellation of removal) was waived.[1]   *See* 8 U.S.C. § 1227(a)(2)(A)(vi); *id.* § 1229b(a)(3).

The Government argues that remand would nonetheless be futile on the ground that Graham is ineligible for cancellation of removal because he has not accrued the requisite seven years' continuous residence.   In relevant part, the agency may cancel removal "if the alien . . . has resided in the United States continuously for 7 years after having been admitted in any status."   8 U.S.C. § 1229b(a)(2).   A period of continuous residence ends "when the alien is served a notice to appear" or "when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible to the United States under section 1182(a)(2) of this title or removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title, whichever is earliest."   8 U.S.C. § 1229b(d)(1).

---

[1] The pardon waiver clause does not waive Graham's removability on the ground that he was convicted of a controlled substance offense, but a controlled substance offense does not bar cancellation under 8 U.S.C. § 1229b(a)(3).   CAR at 266 (BIA Dec.); *see* 8 U.S.C. § 1227(a)(2)(A)(vi); *id.* § 1227(a)(2)(B)(i).

Remand is futile when "there is no realistic possibility of a different result." *Li v. INS*, 453 F.3d 129, 137 (2d Cir. 2006) (quoting *Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 395 (2d Cir. 2005)). Neither the agency nor the courts have decided the impact of an unconditional pardon, such as Graham's, on the determination of whether an alien has *committed* an offense referred to in § 1182(a)(2) for purposes of § 1229b(d)(1). While we review such legal questions de novo, our review is limited to those issues that formed the basis for the agency's decision. *See* 8 U.S.C. § 1252(b)(4)(A); *Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]hen the BIA issues an opinion in a petitioner's administrative appeal, and that opinion constitutes the final agency determination, we may consider only those issues that formed the basis for that decision."), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). And, although the Government's interpretation may ultimately prevail, that issue is for the agency to decide in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** for further proceedings consistent with this order. All pending

6

motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court