Huang v. Bondi

BIA
A076 506 685

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-five.

PRESENT:
>   JOHN M. WALKER, JR.,
>   RICHARD J. SULLIVAN,
>   MYRNA PÉREZ,
>       *Circuit Judges.*

_____

SONG YING HUANG,
>       *Petitioner,*

>   v.                                              **23-6730**
>                                                   **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:                     Jason Jia, Jia Law Group, P.C., New York, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Attorney General, Civil Division; Jennifer J. Keeney, Assistant Director; Lindsay B. Glauner, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Song Ying Huang, a native and citizen of the People's Republic of China, seeks review of a June 26, 2023 decision of the BIA denying her third motion to reopen her removal proceedings. *In re Song Ying Huang*, No. A076 506 685 (B.I.A. June 26, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and underlying factual findings for substantial evidence, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), but we review *de novo* constitutional claims and questions of law, *see Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

There is no dispute that Huang's motion to reopen was untimely and number-barred because it was her third motion, *see* 8 U.S.C. § 1229a(c)(7)(A) (allowing only one motion to reopen), was filed more than eighteen years after her

2

removal order became final, *see id.* § 1229a(c)(7)(C)(i) (setting ninety-day deadline), and did not fall into a statutory or regulatory exception to the time and number limitations, *see id.* § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same).

While it is true that equitable tolling may excuse the time and number limitations, we find no error in the BIA's conclusion that equitable tolling did not apply to Huang's circumstances. A court may exercise its discretion to grant equitable tolling where a petitioner demonstrates that she "exercise[d] 'due diligence' in vindicating [her] rights," *Jin Bo Zhao v. INS*, 452 F.3d 154, 157 (2d Cir. 2006), and that "some extraordinary circumstance stood in her way," *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (internal quotation marks and brackets omitted). Huang was not wrongly prevented from applying for cancellation of removal in her underlying proceedings or in a timely motion to reopen because she did not become eligible for that relief until years after her removal proceedings concluded. Although *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), clarified that Huang continued to accrue physical presence in the United States after service of the notice to appear because the notice omitted a hearing date, she entered the United States in 2000 and thus would not have accrued the required ten years of

3

presence before her removal order became final in 2002 or before the time to seek reopening expired. *See* 8 U.S.C. § 1229b(b)(1)(A) (requiring a noncitizen to be present for at least ten years to be eligible for cancellation of removal). Further, the record reflects that Huang did not have any qualifying U.S. citizen relatives until 2005 – several years after her original removal proceedings concluded – when the first of her two children was born. *See id.* § 1229b(b)(1)(D) (requiring hardship to a "spouse, parent, or child, who is a citizen of the United States" or lawful permanent resident).

The only remaining basis for reopening was the BIA's discretionary authority to reopen under 8 C.F.R. § 1003.2(a). We lack jurisdiction to review that decision, *see Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022), except that we may remand if the BIA misperceived the law and denied *sua sponte* reopening because it "thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). Here, the BIA did not misperceive the law in concluding that Huang's now-claimed eligibility for cancellation of removal, asserted years after she was ordered removed, was not an exceptional circumstance warranting *sua sponte* reopening. And contrary to Huang's

contentions, her motion sought reopening to apply for cancellation of removal – not asylum – and thus the BIA did not apply the incorrect legal standard.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court