23-6326
Chu v. Bondi

BIA
A078 104 926

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

SHITONG CHU,
> *Petitioner,*

v.                                                                      **23-6326**
                                                                       **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Jason Jia, Esq., Jia Law Group, P.C., New York, NY.

FOR RESPONDENT:            Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; Kohsei Ugumori, Brett F. Kinney, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shitong Chu, a native and citizen of the People's Republic of China, seeks review of two decisions of the BIA dated March 23, 2023, that denied his fifth and sixth motions to reopen his removal proceedings. *In re Shitong Chu*, No. A078 104 926 (B.I.A. March 23, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and the underlying factual findings for substantial evidence, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008), but we review de novo constitutional claims and questions of law, *see Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

There is no dispute that Chu's motions to reopen were untimely and number-barred; these were his fifth and sixth motions filed more than fourteen years after his removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(A) (allowing one motion to reopen); *id*. § 1229a(c)(7)(C)(i) (setting a ninety-day deadline). And he moved to reopen to apply for cancellation of removal, so his motion did not fall into a statutory or regulatory exception to the time and number limitations. *See id.* § 1229a(c)(7)(C) (listing the exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009).

Equitable tolling may excuse the time and number limitations, but we see no error in the BIA's conclusion that equitable tolling did not apply in Chu's circumstances. Equitable tolling may be invoked when a petitioner has been prevented from filing a timely motion to reopen because of ineffective assistance of counsel or because of fraud or concealment of a claim. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 157, 160 (2d Cir. 2006); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000). Chu was not wrongly prevented from applying for cancellation of removal in his underlying proceedings or in a timely motion to reopen because he did not become eligible for that relief until years after his removal proceedings concluded. Although he continued to accrue physical presence in the United States after service of the notice to appear because the notice omitted a hearing date, *see Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021), he entered the United States in 2000 and would not have accrued the required ten years of presence before his removal order became final in 2004 or before the time to seek reopening expired. *See* 8 U.S.C. § 1229b(b)(1)(A).

The only remaining basis for reopening was the BIA's discretionary authority to reopen under 8 C.F.R. § 1003.2(a). We lack jurisdiction to review that decision. *See Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022). While we may remand when the agency "may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *id.* at 253 (quoting *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009)), there was no such misperception in the BIA's determination that Chu could not establish exceptional circumstances by becoming potentially eligible for cancellation of removal after being ordered removed.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3