SUMMARY ORDER

Petitioner Sheng Jie Dong, a native and citizen of the People’s Republic of China, seeks review of a November 28, 2007 order of the BIA denying his motion to reopen. In re Sheng Jie Dong, No. A073 077 867 (B.I.A. Nov. 28, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 90 (2d Cir.2001). A motion to reopen must be filed no later than 90 days after the final administrative decision is rendered in the proceedings that the applicant seeks to reopen. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). In this case, Dong did not file the underlying motion to reopen until more than eight years after the entry of the final order in his proceedings, and there is no dispute that his motion was untimely. However, when a movant raises a claim of ineffective assistance of counsel, the filing deadline may, under certain conditions, be equitably tolled. See Jin Bo Zhao v. INS, 452 F.3d 154, 156-59 (2d Cir.2006). The filing deadline may also be excused when the movant submits evidence demonstrating changed country conditions materially affecting his eligibility for relief. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).
To merit equitable tolling, a movant alleging ineffective assistance of counsel must demonstrate that he pursued his case with due diligence during the period of time for which he seeks tolling. See Iavorski v. I.N.S., 232 F.3d 124, 134-35 (2d Cir.2000). “[N]o matter how egregiously ineffective counsel’s assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence.” See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006). In this case, the BIA did not abuse its discretion when it found that Dong did not exercise the requisite due diligence. Dong knew, or should have known, of his former counsel’s alleged ineffective assistance by May 28, 1996, the date of the hearing at which Dong withdrew his asylum application and instead requested voluntary departure, allegedly under duress and at the urging of his former counsel. See Iavorski, 232 F.3d at 134. However, Dong did not raise his ineffective assistance claim for the first time until January 2004, more than seven years later, when he filed his first motion to reopen with the Immigration Judge. Dong has offered no explanation for this delay. Given Dong’s lack of diligence, the BIA did not err in declining to equitably toll the deadline for his second motion to reopen based on ineffective assistance of counsel. See id.
In addition, the BIA did not abuse its discretion in finding that the documentation Dong submitted with his motion did not suffice to establish changed country conditions in China excusing the untimeliness of his motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(ii). We have previously reviewed the BIA’s consideration of Dong’s evidence, and evidence similar to it, and found no error in the agency’s conclusion that such evidence is insufficient to establish materially changed country conditions in China. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). Dong argues that the BIA failed to give meaningful consideration to the evi *561 dence that he submitted in support of his motion. However, the BIA is not required to “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.” Wei Guang Wang v. BIA, 437 F.3d 270, 273-75 (2d Cir.2006). While the BIA must consider all evidence in the record, it “may so in summary fashion without a reviewing court presuming that it has abused its discretion.” Id. at 275 (noting that “[t]his is particularly true for evidence, such as the oft-cited Aird Affidavit, which the BIA is asked to consider time and again.”). Accordingly, the BIA did not abuse its discretion in concluding that none of the evidence that Dong submitted in support of his motion justified the reopening of his proceedings.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).