Jallow v. Holder

BIA
A073 596 417

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of September, two thousand thirteen.

PRESENT:
      REENA RAGGI,
      RICHARD C. WESLEY,
      CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

MOMODOU JALLOW,

     *Petitioner,*

     v.                  11-4508
                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

     *Respondent.*

_____

FOR PETITIONER:     Gerald Karikari, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Joseph A.

**O'Connell, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Momodou Jallow, a native and citizen of The Gambia, seeks review of a September 29, 2011, order of the BIA denying his motion to reopen. *In re Momodou Jallow*, No. A073 596 417 (B.I.A. Sept. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We find no abuse of discretion in this case.

Jallow contends that the time limitation on his motion should have been equitably tolled by the ineffective assistance of his former attorney, who failed to file an appeal brief before the BIA. While equitable tolling is available based on ineffective assistance, *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000), a petitioner must also demonstrate, *inter alia,* that he exercised due diligence in

pursuing his case during the period in which he seeks to toll, *Jin Bo Zhao v. INS*, 452 F.3d 154, 158-59 (2d Cir. 2006) (per curiam). As Jallow provided no evidence that he exercised due diligence, the BIA did not abuse its discretion in declining to equitably toll the period for filing a motion to reopen.

Nor did the BIA err in finding that Jallow failed to establish changed conditions in The Gambia to excuse his untimely filing because his evidence does not show an increase in the prevalence of female genital mutilation since the time of his last hearing. *See Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007) ("[W]e compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

In addition, birth of Jallow's children in the United States was a change in personal circumstances, not a change of conditions "arising in" The Gambia. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Finally, we lack jurisdiction to review Jallow's challenge to the underlying adverse credibility determination. *See Kaur*, 413 F.3d at 233.

3

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk