13-64
Li v. Holder

BIA
A089 254 475

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT:
PIERRE N. LEVAL,
GUIDO CALABRESI,
JOSÉ A. CABRANES,
*Circuit Judges.*

_____

HAISONG LI, AKA LI HAISONG,
*Petitioner,*

v.                                          13-64
NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Robert J. Adinolfi, New York, NY.

FOR RESPONDENT:        Stuart F. Delerey, Assistant
                       Attorney General; John S. Hogan,
                       Senior Litigation Counsel; Robbin K.
                       Blaya, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Haisong Li, a native and citizen of the People's Republic of China, seeks review of the December 12, 2012, decision of the BIA denying her motion to reopen. *In re Haisong Li*, No. A089 254 475 (B.I.A. Dec. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

There is no dispute that Li's motion to reopen, filed two years after the conclusion of removal proceedings, was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered); *see also* 8 C.F.R. § 1003.2(c)(2) (same). However, the 90-day period for filing a motion to reopen may be equitably tolled when the motion is based on a claim of ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130-32 (2d Cir. 2008); *Jin Bo Zhao v. INS*, 452 F.3d 154, 159 (2d Cir. 2006). Equitable tolling requires a showing that "(1) counsel's conduct violated [the] constitutional right to due

2

process, and (2) [the applicant] 'has exercised due diligence in pursuing the case during the period [she] seeks to toll.'" *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) (quoting *Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000)). To demonstrate the required due process violation, a movant must allege facts sufficient to show that competent counsel would have acted otherwise, and that she was prejudiced by counsel's performance. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). Finally, a demonstration of prejudice requires "a prima facie showing that [s]he would have been eligible for the relief [sought] and that [s]he could have made a strong showing in support of [her] application." *Id.*

The BIA did not abuse its discretion in finding that Li failed to establish prejudice because the record does not support Li's arguments. Li's principal argument is that, had her attorney provided a Korean translator during the preparation of her asylum application, and requested a Korean-rather than Mandarin-translator at her hearing, there would have been no inconsistency in her testimony, particularly with respect to her baptism, sufficient to support an adverse credibility determination. However, she does not address the other inconsistencies cited in support

of the adverse credibility determination, and does not blame them on counsel or counsel's paralegal. Li claims, in essence, that her testimony was true but her written application, to the extent it is inconsistent with her testimony, was wrong; however, there is no support in the record to support this bare assertion. To the contrary, the record demonstrates that: (1) she learned Mandarin in school; (2) she responded appropriately to questions posed to her in Mandarin during the hearing, and the record does not indicate that she had difficulty understanding them; and (3) she stated, at the outset of her hearing, that she understood the Mandarin interpreter, and never asked for a Korean translator. Accordingly, the record does not support the inference that, had she been provided a Korean translator, she would have been able to make a stronger showing in support of her application. *Cf. Rabiu*, 41 F.3d at 882. Because Li did not meet her burden, the BIA did not abuse its discretion by denying reopening.

Moreover, we decline Li's invitation to remand for the BIA to consider whether to exercise its discretion to reopen her asylum proceedings *sua sponte*. She failed to raise an argument for *sua sponte* reopening before the agency. *See*

4

*Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision").

Accordingly, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5