13-2766 (L); 13-4098 (Con)
Kolami v. Holder

BIA
A095 356 335
A095 356 336
A095 356 337

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of March, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

VALENT KOLAMI, GENTIANA KOLAMI,
FRANC KOLAMI,
>        *Petitioners,*

>        v.                                    13-2766 (L);
>                                              13-4098 (Con)
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONERS:        Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; John S. Hogan, Senior
                       Litigation Counsel; Aimee J.
                       Carmichael, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioners Valent Kolami, his wife Gentiana, and their son Franc, natives and citizens of Albania, seek review of a July 18, 2013 decision of the BIA denying their second untimely motion to reopen, *In re Valent Kolami, Gentiana Kolami, Franc Kolami,* Nos. A095 356 335/6/7 (B.I.A. July 18, 2013), and an October 25, 2013 decision of the BIA denying their third untimely motion to reopen, *In re Valent Kolami, Gentiana Kolami, Franc Kolami,* Nos. A095 356 335/6/7 (B.I.A. Oct. 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later

2

than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Petitioners' second and third motions to reopen, filed in April 2012 and September 2013, were untimely and number-barred because their orders of removal became final in 2004. 8 U.S.C. § 1101(a)(47)(B)(i). Petitioners contend, however, that worsened conditions accompanying the 2013 Albanian elections and ineffective assistance of counsel excuse these time and number limitations.

I.  Ineffective Assistance of Counsel: Dkt. Nos. 13-2766 (L); 13-4098 (Con)

The applicable time and number limitations on motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008); *Jin Bo Zhao v. INS*, 452 F.3d 154, 159-60 (2d Cir. 2006) (per curiam). However, the movant is required to demonstrate "due diligence" in pursuing a claim during "both the period of time before the ineffective assistance of counsel was or should have been

discovered and the period from that point until the motion to reopen is filed." *Rashid*, 533 F.3d at 132. We have noted that "there is no period of time which . . . is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling–or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA did not err in finding that Petitioners had not acted with due diligence because not until nearly thirteen months after discovering their counsel's ineffective assistance did they file a motion to reopen that complied with *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Rashid*, 533 F.3d at 132-33 (holding that petitioner failed to exercise due diligence when, after he knew or should have known of his initial counsel's alleged ineffective assistance, he waited 14 months to further pursue his case); *Jian Hua Wang*, 508 F.3d at 715 (holding that waiting 8 months after the receipt of relevant documents did not demonstrate due diligence). Although Petitioners argued that they were unable to file a formal *Lozada* complaint after discovering their counsel's ineffective assistance because Valent was at risk of being

4

imminently removed, during the same time period Gentiana executed the affidavits in support of Petitioners' second and third motions to reopen and filed the attorney grievance complaint. It is therefore unclear how Valent's immigration detention related to the delay. Indeed, as the government points out, Petitioners also pursued two petitions for review in this Court and Valent filed a district court habeas action during this time.

Petitioners also argue that they did not file a formal *Lozada* complaint immediately after learning of their counsel's ineffective assistance because they believed that their first motion to reopen based on changed country conditions would be successful. However, they fail to identify any authority suggesting that pursuit of alternative avenues for relief from removal obviates the need to diligently pursue ineffective assistance claims. It also bears mention that the justifications proffered in Petitioners' second and third motions to reopen are contrary to those advanced in their first motion, which stated that, by the time they discovered the ineffective assistance, the statute of limitations for filing a *Lozada* motion had run. Based on the foregoing, the BIA's finding that Petitioners

5

failed to establish due diligence was not an abuse of discretion.

Because the BIA did not err in denying reopening for failure to establish due diligence, we decline to consider the BIA's alternative rejection of Petitioners' ineffective assistance of counsel claim in Dkt. No. 13-4098 (Con) based on their failure to establish prejudice.

II. Changed Country Conditions: Dkt. No. 13-4098 (Con)

The applicable time and number limitations on motions to reopen may also be suspended if the motion is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

6

The BIA did not abuse its discretion in finding that Petitioners failed to establish materially changed country conditions on the basis of Dr. Fischer's updated declaration. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (explaining that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Although Dr. Fischer's updated declaration described attacks on local Democratic and Socialist Party heads and two candidates during the 2013 elections, the BIA reasonably determined that this evidence was not material because it did not relate to Petitioners or to their personal circumstances. *See Jian Hui Shao*, 546 F.3d at 160-62, 170-72 (concluding that evidence offered in support of reopening was not material because it did not relate to similarly-situated individuals). Moreover, the BIA had previously considered the remaining portions of Dr. Fischer's declaration and found them insufficient to demonstrate materially changed country conditions, which we affirmed on appeal in Dkt. No. 12-2817. The BIA therefore did not err in finding that Petitioners failed to establish materially changed conditions on the basis of Dr. Fischer's updated declaration.

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).  The pending motion to dismiss this case voluntarily and remand the matter to the BIA is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8