Jalloh v. Lynch

BIA
A095 850 735

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand sixteen.

PRESENT:
>   JOSÉ A. CABRANES,
>   RAYMOND J. LOHIER, JR.,
>   SUSAN L. CARNEY,
>       *Circuit Judges.*

_____

MOHAMED KARIM JALLOH,
>       *Petitioner,*

>   v.                                          14-3215
>                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Claire
                         L. Workman, Senior Litigation
                         Counsel; Edward C. Durant, Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Karim Jalloh, a native and citizen of Sierra Leone, seeks review of a July 31, 2014, decision of the BIA denying Jalloh's untimely motion to reopen. *In re Mohamed Karim Jalloh,* No. A095 850 735 (B.I.A. July 31, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

Aliens seeking to reopen proceedings may move to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This time limit may be equitably tolled to accommodate claims of ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008); *Jin Bo Zhao v. INS*, 452 F.3d 154, 159-60 (2d Cir. 2006). However, the

movant must demonstrate "due diligence" in pursuing a claim "during the entire period he . . . seeks to toll." *Rashid*, 533 F.3d at 132; *see also Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000). "[T]here is no period of time that . . . is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling—or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

Here, the BIA did not abuse its discretion in finding that Jalloh failed to exercise due diligence. There was a 13-month gap between his meetings with his attorney, and Jalloh took no action during that period despite the attorney's statement at the first meeting that he would no longer represent Jalloh. *See id.* at 715-16; *Rashid*, 533 F.3d at 132. Jalloh contends that the BIA erred in finding that he should have discovered his attorney's ineffective assistance at the first meeting. His argument misses the mark. He was required to demonstrate due diligence during the entirety of the period he seeks to toll, including the time before he discovered counsel's ineffective assistance. *See Rashid*, 533 F.3d at 132.

3

To the extent that Jalloh contends that the BIA erred in denying sua sponte reopening, we lack jurisdiction to review the agency's determination. *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4