Choudhury v. Barr

BIA
Van Wyke, IJ
A070 651 046

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> _Circuit Judges._

_____

OIES AHMED CHOUDHURY,
> _Petitioner,_

v.                                          16-8
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> _Respondent._

_____

FOR PETITIONER:          Oies Ahmed Choudhury, pro se, New York, NY.

FOR RESPONDENT:          Joseph A. Hunt, Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Allison Frayer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Oies Ahmed Choudhury, a citizen of Bangladesh, seeks review of a December 7, 2015, decision of the BIA affirming an August 11, 2014, decision of an Immigration Judge ("IJ") denying his motion to reopen. *In re Choudhury*, No. A 070 651 046 (B.I.A. Dec. 7, 2015), *aff'g* No. A 070 651 046 (Immig. Ct. N.Y. City Aug. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review its factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien seeking to reopen his or her removal proceedings may file one motion to reopen within 90 days of the final administrative order in those proceedings. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.23(b)(1). It is undisputed that Choudhury's 2014 motion was untimely because he accepted an order of voluntary departure in 1998. The time limitation for filing a motion to reopen does not apply, however, if the basis of the motion is to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i). Here, the agency's determination that Choudhury failed to establish a material change in country conditions, which was based on its consideration of the relevant evidence in the record, was supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169. Choudhury's prior asylum claim was premised on evidence that the Bangladesh Nationalist Party ("BNP") had targeted him because of his membership in the Jatiya Party. In support of his motion to reopen, meanwhile, Choudhury

3

attempted to demonstrate changed conditions by alleging that a member of a third political party, the Awami League, had been elected Prime Minister in 2008 and that in 2013, police arrested political opponents of the Awami League. The IJ and BIA reasonably determined from the record, including the State Department's 2013 Country Report for Bangladesh, that those arrested were members of the BNP, not the Jatiya party. Indeed, the State Department report identified the BNP as the opposition to the Awami League and noted the arrest of 150 BNP members. The report did not even mention the Jatiya Party, nor did Choudhury explain how the election and the arrests affected him as a member of the Jatiya party. Accordingly, the agency reasonably concluded that the evidence was insufficient to demonstrate a material change in country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring evidence of changed circumstances to be "material" to asylum eligibility).[1]

Choudhury argues for the first time in this Court that his counsel was ineffective in his original removal

---

[1] To the extent that Choudhury challenges the agency's decision not to grant reopening *sua sponte* under 8 C.F.R. § 1003.2(a), we lack jurisdiction to review that "entirely discretionary" decision. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

proceedings, that he was politically active in the United States, and that he received threatening notes while in the United States.  But we will not find an abuse of discretion based on arguments Choudhury did not exhaust before the IJ or the BIA.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007).[2]

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Choudhury's pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2]    Our conclusion that Choudhury failed to exhaust his claim of ineffective assistance of counsel extends only to his counsel's performance in the original removal proceedings. Choudhury, proceeding *pro se* in this Court, does not challenge his counsel's performance in connection with the motion to reopen below, and appropriately so: the better vehicle to raise any such claim would be a second motion to reopen. *See Zhao v. INS*, 452 F.3d 154, 159 (2d Cir. 2006).

5