Jin-Hui Jiang v. Garland

BIA
A077 293 772

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-four.

PRESENT:
　　　　DENNIS JACOBS,
　　　　JOSEPH F. BIANCO,
　　　　MYRNA PÉREZ,
　　　　　　*Circuit Judges.*
_____

JIN-HUI JIANG,
　　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　　**23-6704**
　　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

**FOR PETITIONER:**     Jason Jia, JIA LAW GROUP, P.C., New York, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Brett F. Kinney, David J. Schor, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Jin-Hui Jiang, a native and citizen of the People's Republic of China, seeks review of a June 8, 2023, decision of the BIA denying her fifth motion to reopen. *In re Jin-Hui Jiang*, No. A 077 293 772 (B.I.A. June 8, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We generally review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "The BIA abuses its discretion if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007) (quotation marks omitted).

There is no dispute that Jiang's July 2021 motion to reopen was number-barred, as she had filed four prior motions, and untimely, as she filed it almost 20 years after her removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(A) (allowing one motion to reopen), (C)(i) (setting 90-day deadline); *see also* 8 C.F.R. § 1003.2(c)(2) (same). And she moved to reopen to seek cancellation of removal, so her motion did not fall into a statutory or regulatory exception to the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009).

While the time and number limitations may be equitably tolled, we find no error in the BIA's conclusion that equitable tolling was not applicable in Jiang's circumstances. Equitable tolling has been invoked where a petitioner was prevented from filing a timely motion to reopen because of ineffective assistance of counsel or where there was fraud or concealment of a claim. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 157, 160 (2d Cir. 2006); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000). In contrast, Jiang did not become eligible for cancellation years after her removal proceedings concluded. Becoming eligible for relief after removal is ordered is not an exception, nor is it uncommon. Thus, although *Niz-Chavez v.*

3

*Garland*, 593 U.S. 155 (2021), clarified that Jiang would have continued to accrue physical presence because her notice to appear omitted a hearing date, Jiang, who entered the United States in 1999, still would not have accrued the required ten years of presence before her removal order became final in 2002 or before the time to seek reopening expired.

The only remaining basis for reopening was the BIA's sua sponte authority under 8 C.F.R. § 1003.2(a). We lack jurisdiction to review that "entirely discretionary" decision. *Ali*, 448 F.3d at 518; *see also Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022) (same). Although we may remand if the BIA misperceived the law and denied sua sponte reopening based on an erroneous determination that a petitioner was not eligible for the relief sought, i.e., that relief on reopening would necessarily fail, *see Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there was no such misperception here. To establish the "exceptional and extremely unusual hardship" required for cancellation, the hardship to the qualifying relatives "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quotation marks omitted). Jiang's

4

motion alleged that she was the primary support for her children (16 and 18 at the time she filed her motion), so they would suffer economic and emotional hardship if she was separated from them and their father. But she did not provide evidence to support the claim of economic hardship, and while unfortunate, the BIA did not misperceive the law in concluding that the emotional hardship was not beyond that contemplated by *In re Monreal Aguinaga*. *Id.*; *see Mahmood*, 570 F.3d at 471.

For the foregoing reasons, the petition for review is DENIED in part as to equitable tolling and DISMISSED in remaining part for lack of jurisdiction as to the denial of sua sponte reopening.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5