Lin v. Bondi

BIA
A087 916 040

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-five.

PRESENT:
SUSAN L. CARNEY,
JOSEPH F. BIANCO,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

LAN YING LIN,
*Petitioner,*

v.                                              **23-7641**
                                                **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Margaret W. Wong, Margaret W. Wong & Associates, Cleveland, Ohio.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant

Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Julia J. Tyler, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, District of Columbia.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lan Ying Lin seeks review of an October 18, 2023 decision of the BIA denying her second motion to reopen her removal proceedings. *In re Lan Ying Lin*, No. A087 916 040 (B.I.A. Oct. 18, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We generally review the BIA's denial of a motion to reopen for abuse of discretion and underlying factual findings for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), but we review *de novo* constitutional claims and questions of law, *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

There is no dispute that Lin's motion to reopen was untimely and number-barred because it was her second motion filed eight years after her removal order became final. *See* 8 U.S.C. §§ 1229a(c)(7)(A) (allowing one motion to reopen), (C)(i) (setting 90-day deadline). And she moved to reopen to apply for cancellation of removal, so her motion did not fall into a statutory or regulatory

2

exception to the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009).

Equitable tolling may excuse the time and number limitations but applies only where a movant demonstrates that she "exercise[d] due diligence in vindicating h[er] rights," *Jin Bo Zhao v. INS*, 452 F.3d 154, 157 (2d Cir. 2006), and "that some extraordinary circumstance stood in her way," *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (brackets and quotation marks omitted). We find no error in the BIA's conclusion that equitable tolling did not apply in Lin's circumstances. Lin was not wrongly prevented from applying for cancellation of removal in her underlying proceedings or in a timely motion to reopen because she did not become eligible for that relief until years after her removal proceedings concluded. Indeed, although *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), clarified that Lin continued to accrue physical presence in the United States after service of her notice to appear because that notice omitted a hearing date, she entered the United States in 2010 and would not have accrued the ten years of presence required for cancellation before her removal order became final in 2013 or before the time to seek reopening expired. *See* 8 U.S.C. § 1229b(b)(1)(A). Because Lin

failed to demonstrate extraordinary circumstances as required to warrant equitable tolling, the BIA did not err in denying her motion to reopen as untimely and number-barred. We therefore need not reach the BIA's alternative dispositive findings that she did not act diligently in moving to reopen or establish her prima facie eligibility for cancellation of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *see also Doe*, 76 F.4th at 71 (requiring both extraordinary circumstances and diligence for equitable tolling); *Jian Hui Shao*, 546 F.3d at 168 (recognizing that untimeliness and failure to establish prima facie eligibility for relief are independent bases for denying motions to reopen).

The only remaining basis for reopening was the BIA's discretionary authority to reopen under 8 C.F.R. § 1003.2(a). We lack jurisdiction to review the BIA's decision under that discretionary authority, *Li Chen v. Garland*, 43 F.4th 244, 251–52 (2d Cir. 2022), except that we may remand if the BIA "misperceived the legal background" and denied *sua sponte* reopening based on an erroneous determination that a petitioner was not eligible for the relief sought, *i.e.*, that relief on "reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d

4

Cir. 2009). The BIA did not decline to reopen *sua sponte* based on Lin's failure to establish her eligibility for relief; it explained that its discretionary authority to reopen was not a means to avoid enforcement of the time and number limits on motions and that reopening was not required even if a movant established *prima facie* eligibility for relief. *See* 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief."); *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). And the BIA did not misperceive the law because becoming potentially eligible for relief from removal years after being ordered removed is not alone an exceptional circumstance. *See In re J-J-*, 21 I. & N. Dec. at 984.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court